United States District Court
Southern District of Texas
**ENTERED**
November 26, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SCOTT SMITH, § <br> SPN # 02448595, § <br> § <br> Plaintiff, § <br> § <br> VS. § <br> § <br> HARRIS COUNTY SHERIFF'S OFFICER § <br> REYES, § <br> § <br> Defendant. § | CIVIL ACTION NO. 4:24-1839 |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Scott Smith, is an inmate in the Harris County Jail. Smith proceeds *pro se* and *in forma pauperis* in this civil rights suit. Because this case is governed by the Prison Litigation Reform Act (PLRA), the Court is required to screen the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). Having reviewed the pleadings, the applicable law, and all matters of record, the Court concludes that this civil action should be conditionally dismissed for the reasons that follow.

### I.   BACKGROUND

Smith names "Officer Reyes," an officer with the Harris County Sheriff's Office, as the sole defendant in this case. He states that on April 5, 2024, Officer Reyes was on security duty at Ben Taub Hospital. He alleges that Reyes "told 5 black people [Smith] hate[s] black people" and then "put [Smith] in a holding cell with them" and left the

hospital. He also states that Reyes "admitted to his employer" that he had taken this action, which "[e]ndangered [Smith's] life" (Dkt. 1, at 3-4). He does not allege any physical injury. As relief for his claims, he requests that the Court "compensate [him] for stress" caused when his life was in danger (*id.* at 4).

## II.   LEGAL STANDARDS

Because the plaintiff is a prisoner proceeding *in forma pauperis*, the Court is required by the PLRA to screen the case and dismiss the complaint at any time if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). A district court may dismiss a claim as frivolous if it lacks any arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). A claim lacks an arguable basis in law "if it is based on an indisputably meritless legal theory." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). It lacks an arguable basis in fact "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.* (cleaned up).

A dismissal under § 1915A(b) or § 1915(e)(2)(B) for failure to state a claim is governed by the same standard as a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under this standard, a court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State*

*Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). A court may dismiss a case *sua sponte* and without notice to the plaintiff if the plaintiff has pleaded his best case or if the dismissal is without prejudice. *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016); *see Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (holding that a court may *sua sponte* dismiss for failure to state a claim "as long as the procedure employed is fair") (cleaned up); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (holding that where the pleadings, viewed under the individual circumstances of the case, "demonstrate that the plaintiff has pleaded his best case," dismissal on the pleadings is appropriate if the pleadings do not adequately state a cause of action).

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005).

### III.  ANALYSIS

Smith's civil rights claim is cognizable under 42 U.S.C. § 1983, which provides a vehicle for a claim against a person acting under color of state law, such as a law enforcement official, for a constitutional violation.  *Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016).  To the extent Smith raises a claim that Officer Reyes failed to protect him, his claim arises under the Fourteenth Amendment.  *See Hare v. City of Corinth*, 74 F.3d 633, 638-39 (5th Cir. 1996) (en banc).

Smith's claim must be dismissed because federal statute prohibits the compensatory damages he seeks.  Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."  *See Mayfield v. Texas Dep't of Criminal Justice,* 529 F.3d 599, 605-06 (5th Cir. 2008).  Smith brought this action when confined in the Harris County Jail and alleges that he suffered stress when in custody, in particular, when Officer Reyes confined him to a holding cell for two hours.  He seeks compensation for the stress allegedly caused by Officer Reyes, but alleges no physical injury or sexual act.  His claim must be dismissed under § 1997e(e) for failure to state a claim upon which relief can be granted.

As an additional ground for dismissal, the Court notes that a failure-to-protect claim under the Fourteenth Amendment requires a plaintiff to plead facts that could show that he was incarcerated under conditions posing a "substantial risk of serious harm" and that the

4 / 6

defendant was "deliberately indifferent" to his need for protection. *Hare*, 74 F.3d at 648; *see Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference cannot be inferred from a defendant's negligence or gross negligence, but rather requires that the official knows of and disregards an excessive risk to inmate health or safety. *Thompson v. Upshur Cty.*, 245 F.3d 447, 459 (5th Cir. 2001) (citing *Hare*, 74 F.3d at 645, 649)). In order to prevail, the plaintiff must establish that the defendant was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that the defendant actually drew the inference. *Farmer,* 511 U.S. at 837. Here, Smith alleges that Officer Reyes "told 5 black people [Smith] hate[s] black people" and then "put [Smith] in a holding cell with them" (Dkt. 1, at 3-4). He does not plead facts that could show that other people in the holding cell took any action based on Reyes' alleged statement, that he otherwise faced a substantial risk of serious harm, or that Ryes actually drew an inference of a substantial risk to Smith. *See Thompson*, 245 F.3d at 459; *Hare*, 74 F.3d at 649. Therefore, he fails to state a claim under the Fourteenth Amendment.

Given Smith's statements that his life was endangered during his two-hour stay in the holding cell on April 5, 2024, and that he seeks compensation for "stress," as well as his failure to identify any physical injury or sexual act on the date in question, the Court is satisfied that he has pleaded his best case. *See Brown*, 829 F.3d at 370; *Bazrowx*, 136 F.3d at 1054; *Jacquez*, 801 F.2d at 793. Dismissal is warranted under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, because Smith is proceeding *pro se*, the Court will conditionally dismiss the case and permit Smith an opportunity to cure the defects in his pleading <u>within 30 days</u>.

## IV. CONCLUSION

For the reasons stated above, the Court now **ORDERS** as follows:

1. This civil action is conditionally dismissed under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. <u>Smith's claims will be dismissed with prejudice without further order of the Court unless, within 30 days of the date of this order, Smith files an amended complaint that cures the defects identified in this opinion and states a claim against Officer Reyes upon which relief can be granted</u>.

2. All pending motions, if any, are **DENIED as moot**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on      November 26                , 2024.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE